John H. Farnham, J.
In the first action above plaintiff seeks arilnjunction pendente lite. The motion on same has been argued by counsel before the court and has been submitted for the court’s determination.
It appears that the second above action is pending in Justices’ Court in the City of Utica, New York, wherein the defendants, Peck, in the first above action are the plaintiffs, and the plaintiff in the first above action is the defendant in the second above action.
The second action was instituted for unpaid rentals claimed to be due the plaintiffs therein from the defendant. It also appears that in the second above action, Shirley Eisland is named defendant, and it is assumed that she is the wife of the defendant, Sol Eisland.
The defendants have joined issue in the second above action and both actions now are pending, the first in Supreme Court and the second, as stated, in Justices’ Court, in the City of Utica, New York.
*602 In the second action, defendants raise certain defenses which should be given consideration on the trial of the action. Defendants now move before this court for an order consolidating the Justices’ Court action, Action No. 2 above, which is an action for summary proceedings and nonpayment of rent, with the action instituted in Supreme Court, Action No. 1 above.
It would appear that section 1426-a of the Civil Practice Act is authority for granting the motion for consolidation. The issues raised by the defendants in the second above action are such as in the opinion of the court should be resolved on the trial of all the issues presented in both actions.
The decision of the court, therefore, is that Action No. 2 above be consolidated with action No. 1 above, and Action No. 2 above is removed from Justices’ Court in the City of Utica to Supreme Court of the State of New York for the County of Oneida.
It is the further decision of the court that no further proceedings be had in said Action No. 2 until Action No. 1 is tried in Supreme Court, at which time the issues in Action No. 2 above then may be resolved.
Order may be prepared accordingly, and when signed copies of same be served upon opposing counsel and Justice of the Peace Walter M. Dowling, in the City of Utica, New York.